# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-212-RJC

|  |  |  |
|---|---|---|
| ANTHONY JERMAINE CALDWELL-BEY,  a/k/a Anthony J. Caldwell, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| SEAN POLL, CHRISTOPHER SANDERS, DAVID LAFANQUE, ROY COOPER, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

     **THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), and on Plaintiff's Motion for First Set of Interrogatories, (Doc. No. 4).

     First, as to Plaintiff's Application to Proceed in Forma Pauperis, Plaintiff has submitted his inmate trust account statement, which shows that as of March 8, 2013, his balance was $0.00. See (Doc. No. 3).  The Court finds that Plaintiff has insufficient funds with which to pay the filing fee, and the Court, therefore, grants Plaintiff's Application to Proceed in Forma Pauperis.

## I.     BACKGROUND

     Plaintiff is a state court inmate currently incarcerated in the Alexander Correctional Institution in Taylorsville, North Carolina.  Plaintiff is serving a 7 to 10-year sentence after being convicted on April 20, 2010, in Mecklenburg County of being a habitual felon.  Plaintiff has named as Defendants Sean Poll, identified in the Complaint as an Assistant District Attorney with the Mecklenburg County District Attorney's office; Christopher Sanders, identified in the

Complaint as a public defender and as former defense counsel for Plaintiff; David Lafanque, identified as a police officer with the Mecklenburg-Charlotte Police Department; and North Carolina Attorney General Roy Cooper. In this action, filed under 42 U.S.C. § 1983, Plaintiff is challenging his habitual felon conviction and his consequent sentence. Plaintiff purports to bring claims for malicious prosecution, fraud, false imprisonment, and due process violations against the various Defendants. As his requested relief, Plaintiff seeks compensatory and punitive damages, as well as an Order from this Court reversing the conviction and judgment of April 20, 2010.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added).  Here, Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated.  Indeed, he has alleged that his conviction has not been reversed.  Therefore, his claims are barred by Heck.

## IV.    CONCLUSION

In sum, having conducted a preliminary review of the Complaint, and it appearing from the face of the Complaint that Plaintiff's claims are barred under Heck, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for

the limited purpose of this review.

2. This action is **DISMISSED** without prejudice, as Plaintiff's claims are barred under

   <u>Heck</u>.

3. Plaintiff's Motion for First Set of Interrogatories, (Doc. No. 4), is denied as **MOOT**.


Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge